UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY DONTE WILLIS,

    Plaintiff,

v.                                       Case No. 3:23-cv-825-BJD-MCR

DARREN RILEY, et al.,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Gregory Donte Willis, a pretrial detainee at the St. Johns County Jail, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Plaintiff names nine St. Johns County law enforcement officers as Defendants. *Id.* at 2-4. The Complaint is not a picture of clarity, and the allegations of Plaintiff's claim are reduced to a few sentences. He alleges that he was "[d]etained unlawfully; illegally searched; vehicle illegally searched"; and "[i]llegal search of a vehicle that didn't belong to [Plaintiff]; violation of [his] Fourth Amendment." *Id.* at 5. As relief, he requests injunctive relief and monetary damages. *Id.* at 7.

A review of the St. Johns County Sheriff's Office website shows that Plaintiff has been in pretrial detention since July 9, 2022.[1] *See* St. Johns County Sheriff's Office, St. Johns Inmate Search, available at www.sjso.org (last visited July 21, 2023). According to the website, officers arrested Plaintiff for sixteen offenses, including, *inter alia*, driving under the influence of alcohol or drugs, possession of cocaine and marijuana, driving while license suspended, possession of a weapon or ammunition by a convicted felon, and resisting officer without violence. *Id.*

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] The Court takes judicial notice of information on the St. Johns County Sheriff's Office website showing Plaintiff's detention status and the offenses for which he was arrested.

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). And the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x

982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).[2]

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *See Bingham*, 654 F.3d at 1175 (alteration in original).

Here, Plaintiff fails to allege sufficient facts to connect any Defendant to an alleged violation of his constitutional rights. Also, Plaintiff seemingly seeks to raise a claim of false arrest under the Fourth Amendment. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."); *see also Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest.").

Plaintiff fails to allege that any Defendant lacked probable cause sufficient to arrest him for one of the sixteen offenses for which he was detained. *See, e.g., Horne v. Chick*, No. 8:20-cv-781-T-02AAS, 2020 WL 5355964, at *2 (M.D. Fla. Sept. 7, 2020)[3] (quoting *Baysa v. Gualtieri*, 786 F. App'x 941, 944 (11th Cir. 2019) ("It is enough that probable cause exist[ed] to arrest for any crime.")); *see also Skop v. City of Atlanta*, 785 F.3d 1130, 1137-38 (11th Cir. 2007) (even if an officer did not have probable cause to arrest for one crime, there is no Fourth Amendment violation if there was probable cause to arrest for another crime). Thus, he has failed to state a plausible Fourth Amendment claim.

For those reasons, this case is due to be dismissed without prejudice. If Plaintiff refiles, he is advised that a civil rights complaint must include a short and plain statement of the claim showing that he is entitled to relief. Fed. R.

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Civ. P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of July, 2023.

                                              BRIAN J. DAVIS
                                      United States District Judge

Jax-7

C: Gregory Donte Willis, #0700222213